UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SCARLETT RABALAIS,**

    **Plaintiff,**

v.                                                                 **Case No: 5:17-cv-497-Oc-30PRL**

**YVONNE (BONNIE) WARE, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

In this action under the Fair Housing Act ("FHA"), pro se Plaintiff requests leave to proceed *in forma pauperis*. (Doc. No. 2). Previously, due to deficiencies in the complaint, the Court deferred issuing a report and recommendation on Plaintiff's motion and allowed Plaintiff an opportunity to file an amended complaint. Plaintiff has now done so. (Doc. 4). Because the complaint still contains numerous deficiencies, however, Plaintiff's motion to proceed *in forma pauperis* is due to be denied and her complaint dismissed.

### I.    BACKGROUND

Salt Springs Resort is a RV campground and vacation rental community located in Salt Springs, Florida within the Ocala National Forest. Plaintiff purchased an RV lot in the Resort in June 2014 and lives on the property. Plaintiff alleges that she suffers from PTSD, depression, a "back issue," "psychiatric and neurological disabilities," and "trigger fingers." (Doc. 4 ¶19). She

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

relies on a service dog, her white poodle "Prince," who assists Plaintiff by "picking up and carrying things for her, detecting and altering her of her medicine . . . [and] by preventing or interrupting compulsive or destructive behaviors." (Doc. 4 ¶21).

As best can be discerned from the complaint, these events began in mid-2014 when Plaintiff was fined by the Salt Springs Resort Association for various violations of the Association's by-laws, including refusing to take down a "pet fence" when not in use. Plaintiff purchased the pet fence after the Marion County Animal Services informed her that she could not allow the dog to roam freely around the property.[2] The Association did not object to the pet fence, or to the presence of the service animal, but required that the pet fence be taken down when not in use. Plaintiff alleges that she wished, as a reasonable accommodation, to be allowed to leave the fence up at all times because her trigger fingers make it difficult to fold and unfold the small fence.[3]

In early 2015, Plaintiff filed a complaint with the U.S. Department of Housing and Urban Development ("HUD") alleging the Association's by-laws were being applied in a discriminatory manner. (Doc. 4 ¶64). The complaint was ultimately dismissed after a finding of "No cause." Plaintiff also filed a complaint with the Florida Commission on Human Rights, which also resulted in a "No Cause" finding, although Plaintiff is currently challenging the dismissal of her untimely administrative appeal.

In June of 2017, the Association filed an action to foreclose on Plaintiff's property based on the fines and unpaid dues. Plaintiff does not dispute that she has not paid the fines and owes

---

[2] Other alleged violations of the Associations by-laws included having two campers on the property, running a business on the property, and building a deck on the property without proper approval. (Doc. ¶¶50–54).

[3] Plaintiff also states, though, that part of the reason the pet fence could not be moved was that the fence had "orchids and lights around the top for beauty and safety, while accommodating Prince's needs." (Doc. 4 ¶114).

dues but insists that she was unfairly targeted for retaliation. (Doc. 4 ¶¶81–84). The foreclosure proceeding remains pending.

In addition to alleging that Defendants denied her a reasonable accommodation and applied the by-laws in a discriminatory manner, Plaintiff also alleges several residents of Salt Springs, including some of the named Defendants, slandered and harassed her, trespassed and destroyed her property, invaded of her privacy rights, filed false complaints against her, and engaged in unfair debt collection practices.

**II.     LEGAL STANDARD**

An individual may be allowed to proceed *in forma pauperis* if the individual declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, or "fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at n.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In evaluating a complaint under § 1915, a document filed pro se is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Federal Rule of Civil Procedure 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Rule 8, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

**III.   DISCUSSION**

As with the original complaint, Plaintiff's amended complaint remains a classic shotgun complaint, "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). In addition, the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The fifty-three

page complaint, which also includes over thirty pages of attachments, contains many immaterial facts and vague or unverifiable accusations not linked to any specific count in the complaint. The Eleventh Circuit has held that such shotgun complaints are properly dismissed because they fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Additionally, the complaint fails to state a claim on which relief could be granted. Plaintiff argues in counts one through three, five, six, eleven, and twelve that various Defendants denied her a reasonable accommodation and discriminated against her (or permitted third parties to discriminate against her) on the basis of her disability. (Doc. 4 ¶¶105–11). However, as with Plaintiff's previous claim, the complaint does not support these allegations with factual assertions.[4]

Instead, Plaintiff's complaint is replete with broad legal conclusions, citations to miscellaneous statutes and regulations, many of which are of limited applicability, and unfounded accusations. For example, in count one, Plaintiff claims that several Defendants "trespassed, damaged [her] property, and terrorized Plaintiff" without specifying when these events occurred, what harm they caused, or what acts constituted "terrorizing" Plaintiff. (Doc. 4 ¶106). In count two, Plaintiff merely asserts that several Defendants "created a hostile environment" without describing what acts created a hostile environment.

In count six, Plaintiff claims that Defendants interfered with her use and enjoyment of her property because they "turned [everyone] against [her]" while in count eleven she asserts that Defendants' unspecified "action and behavior has ruined any chance of plaintiff ever being able

---

[4] The complaint also alleges that Plaintiff was discriminated against on the basis of her gender and marital status. However, Plaintiff has not alleged any basis for this accusation beyond her assertion that Defendants actions were taken "because she is single [and] attractive." (Doc. 4 ¶108).

to remain at [Salt Springs]." (Doc. 4 ¶¶116, 131).[5] Count twelve is a single, conclusory paragraph asserting that Defendants interfered with Plaintiff's use and enjoyment or her property. (Doc. 4 ¶133). This type of "unadorned the-defendant-unlawfully-harmed-me" language is insufficient to state a claim on which relief could be granted. *Iqbal*, 556 U.S. at 678.

In counts three and five, Plaintiff complains about the denial of her reasonable accommodation. As the Court noted in its previous order, though, the nature and severity of Plaintiff's disability is never defined in the complaint (beyond listing a myriad of diagnoses), and the actual terms of the accommodation Plaintiff sought remain unclear. Plaintiff also acknowledges that Defendants were skeptical that she was disabled and sought additional medical evidence to corroborate her disability—yet nothing in the complaint alleges that she provided them the medical evidence. Likewise, neither the complaint nor attachments state, or reasonably imply, that the Association ever made a final determination on the accommodation. *See, e.g.*, *Schwarz v. City of Treasure Island*, 544 F. 3d 1201, 1219 (11th Cir. 2008) ("[A] plaintiff must actually request an accommodation and be refused in order to bring a reasonable accommodation claim under the FHA.").

In addition, several of Plaintiff's counts reference statutes for which Defendants cannot be held liable. Count four alleges violations of Plaintiff's privacy under 5 U.S.C. § 552a and 45 C.F.R. § 705.9(a), but those provisions apply to the federal government and the United States Commission on Civil Rights. Although count seven purports to be based on 42 U.S.C. § 3610(a)(1)(A), that statute merely authorizes the filing of an administrative complaint with HUD. Count eight is based

---

[5] Plaintiff also asserts that she was retaliated against as a whistleblower to the Environmental Protection Agency (EPA). Yet, Plaintiff's allegations merely assert that Plaintiff "was informed, EPA found [the Association] to have been spraying toxic chemicals" without providing any additional explanation or even asserting that Plaintiff herself was the whistleblower.

on the Financial Privacy Act of 1978, which, as the Court previously observed, applies to financial institutions and their employees or agent. *See* 12 U.S.C. § 3403. Counts nine and ten refer to criminal law provisions, including provisions of Florida and New York law. As the Court previously observed, criminal law provision generally do not create private rights of action. *See, e.g.*, *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) (refusing to recognize private cause of action under 18 U.S.C. § 241).

Finally, Count thirteen of the complaint alleges that by bringing a foreclosure action against Plaintiff and refusing to waive or reduce her unpaid fines and dues, the Association has unlawfully refused to negotiate for the sale of or rental of housing. 42 C.F.R. § 100.60. Plaintiff requests that the Court enjoin the ongoing foreclosure litigation on her property. Plaintiff has not, however, provided a sufficient factual or legal for basis for such extraordinary relief or for stated a claim of housing discrimination based on these facts.

**IV.   CONCLUSION**

Accordingly, it is **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* be denied and this case be dismissed.

**DONE** and **ORDERED** in Ocala, Florida on January 19, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties